[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on June 28, 2980 at West Haven, Connecticut. They have resided continuously in this state since that time. There is one minor child issue of the marriage: Christopher Michael Sepulveda, born February 6, 1980.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
This court has carefully considered the criteria set forth in §§ 46b-56, 46b-81, 46b-82 and 46b-84 of the Conn. General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 14 years. They have been separated since January 1993. The plaintiff is 43 years of age and in good health. The defendant is 42 years of age CT Page 5366 and in reasonably good health. The plaintiff is employed as an assembler at Sikorsky. The defendant is employed as a waitress working 12 to 16 hours a week.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of this marital relationship.
The following orders shall issue:
A. Custody and Visitation
1. Sole custody of the minor child, who is 14 years old, is awarded to the plaintiff father with rights of reasonable, liberal and flexible visitation to the defendant mother.
2. The defendant shall have access to the minor child's school and medical records.
3. The plaintiff shall forward copies of the minor child's report cards, school activities, parent-teacher meetings and other school events and sporting activities sufficient in advance to allow the defendant to attend such functions if she so desires.
4. The defendant shall have reasonable and flexible daily telephone access to the minor child, no later than 8:30 p.m. in the evenings, without interference from the plaintiff or anyone residing in the plaintiff's home.
5. The plaintiff shall exert every reasonable effort to maintain free access to unhampered contact between the minor child and the defendant and shall foster a feeling of affection between the minor child and the defendant.
6. The plaintiff shall consult and confer with the defendant on major issues relating to health and education. The decision of the plaintiff shall be final and controlling. All day-to-day decisions shall be the sole discretion of the plaintiff.
7. Neither the plaintiff nor the defendant shall do anything which may injure the opinion of the child as to his mother or father.
8. The defendant shall be provided with up to date photographs as are available from time to time. CT Page 5367
9. The defendant's rights of reasonable visitation shall keep in mind the activities and schedule of the minor child, as well as the desires and wants of the minor child.
10. At the present time, the minor child has no relationship with his mother and indicates that he does not wish to have one. The Family Relations Officer indicated the minor child was adamant about not seeing his mother. It is hoped that with some additional counselling this issue may be resolved and visitation by the defendant on a regular basis will be initiated.
11. The defendant shall also be entitled to visitation on the holidays as are agreed between the parties.
12. The plaintiff shall use his best efforts to encourage the minor child to visit with the defendant on a regular basis and shall affirmatively encourage and facilitate such visits.
B. Alimony
1. The defendant is presently working approximately 12 to 16 hours per week, three to four days per week as a waitress. The defendant hopes to attend school in September for training and licensing as a pharmaceutical technician. If she attends school on a full time basis, the program will be completed in one year. On a part time basis, it would take the defendant two years to complete. The defendant worked for four years at Brooks Drug Store as a pharmaceutical assistant and, by completing this program, she will be able to earn $11 to $12 per hour plus benefits in a hospital.
2. The defendant is awarded alimony in the amount of $50 per week until her death or remarriage or for a period of four years from date, whichever event shall first occur. Four years gives the defendant sufficient time to complete her education and establish herself in her chosen career.
3. The award of alimony is based on the plaintiff husband's net earnings of $616 per week, which includes some overtime.
4. The defendant will also have to consider obtaining full time employment with medical benefits.
C. Child Support
CT Page 5368
1. The defendant shall pay to the plaintiff the sum of $30 per week for the support of the minor child until the child reaches the age of 18, dies or becomes emancipated.
D. Medical Coverage
1. The plaintiff shall provide medical coverage as is available at his place of employment for the benefit of the minor child. The parties shall equally divide any unreimbursed medical expense.
2. The defendant shall be entitled to any COBRA benefits as are available through the plaintiff's employment, at her expense.
E. Other Property
1. The plaintiff shall be entitled to the Juice Maker II and the tape cabinet.
2. Each party shall be entitled to the remaining personal property, in their possession.
3. The plaintiff shall be entitled to his pension without any claim by the defendant.
F. Life Insurance
The plaintiff shall name the minor child as beneficiary on the life insurance policy as is available to him through his place of employment.
G. Debts
Each party shall be responsible for the debts as listed on their respective financial affidavits.
H. Counsel Fees
Each party shall pay their own counsel fees. There is simply not enough funds available to either party to warrant an allowance of counsel fees.
I. Attorneys Fees for Attorney for Minor Child
CT Page 5369
The parties shall each pay one-half of the attorney's fees for the attorney for the minor child. Counsel shall review her bill and consider reducing it to an amount the parties can realistically pay off in a reasonable period of time, keeping in mind the financial circumstances of the parties. The plaintiff shall receive credit for the $500 he has already paid toward said attorney's fees.
J. Arrearage
The pendente lite arrearage for child support shall be paid by the defendant at the rate of $5.00 per week. The parties agreed that the arrearage as of May 13, 1994 is $886.
K. Change of Name
The defendant is granted a change of name to Jo-Ann F. Bain.
L. Withholding
An immediate withholding is ordered.
M. Income Tax
The plaintiff shall be entitled to claim the minor child as a dependent for income tax purposes.
N. Parenting Education Program
The plaintiff has completed the Parenting Education Program. The defendant shall complete said program as soon as possible. The court waives the fee for the defendant.
O. Counselling
It is recommended that the parties and the minor child seek counselling services to resolve the problems of non-visitation by the minor child with the defendant. The parties shall equally pay for the cost of any such counselling. The court notes that the minor child has already been seen by several counsellors, Family Relations Officers and the attorneys.
Coppeto, J. CT Page 5370